Euripides Stassi. [1] v. Commissioner. Stassi v. Commissioner
Docket No. 2381-62.
United States Tax Court
T.C. Memo 1965-181; 1965 Tax Ct. Memo LEXIS 152; 24 T.C.M. (CCH) 950; T.C.M. (RIA) 65181; June 29, 1965
*152 Upon the evidence, held: (1) Amounts of tip income determined under rule of Cohan v. Commissioner, 39 F. 2d 540. (2) Addition to tax for negligence under section 6653(a), 1954 Code, sustained. (3) Petitioner did not have income from other sources in each year. (4) Deductions for each year in excess of standard deduction not established. Euripides Stassi, pro se, 35-60 74th St., Jackson Heights, N. Y. Marie L. Garibaldi, for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined deficiencies in income tax for 1958 and 1959 and additions to the tax under section 6653(a), 1954 Code, as follows: Year
Deficiency
Sec. 6653(a)
1958
$1,013.88
$50.69
1959
1,400.00
70.00
The questions are: (1) The amount of petitioner's tip income in each year. (2) Whether petitioner realized other unreported income in each year. (3) The amount of allowable deductions in each year. (4) Whether an addition to the tax for negligence is required for each year. Findings of Fact Petitioner is a resident of Astoria, Long Island, New York. The returns for the taxable years were filed with the district *153 director of internal revenue in Brooklyn, New York. Petitioner was employed as a waiter during the taxable years by a restaurant in New York City called The Forum of The Twelve Caesars, hereinafter called the Forum. He did not keep any records of his tip income. He reported tips of $1,200 and $1,400 on his returns for 1958 and 1959, respectively. Each amount represented his estimate of the total amount of his tip income for each year. The total amount of the wages paid to him by the Forum was $1,732.47 in 1958, and $1,814.74 for 1959. Since petitioner did not maintain records of his tip income for each year (and his employer did not have any records thereof), respondent reconstructed and determined the total net amount of his tip income for each year, after payments to bus boys, by a method and formula, which he also used under the same circumstances in determining the tip income of other waiters employed by the Forum in the same years. Respondent determined that for each dollar of wages, petitioner received $3 in tips; he multiplied petitioner's wages by 300, the ratio under his formula, and determined that petitioner's tip income amounted to $5,197.41 in 1958, and $5,444.22 in *154 1959. The formula used by respondent, exhibit C, is incorporated herein by reference. Respondent then determined that petitioner failed to report tip income in the amount of $3,997.41 for 1958, and $4,044.22 for 1959. Respondent also determined that part of the underpayment of tax for each year was due to negligence, and he made an addition to the tax for each year under section 6653(a), 1954 Code. Petitioner took itemized deductions on his return for each year in the total amount of $671.25(1958), and $1,339.88 (1959). Respondent disallowed all of the deductions for lack of substantiation. He substituted, in lieu thereof, the allowable standard deduction which amounted to $792.99 for 1958, and $500 for 1959. Ultimate Findings of Fact 1. In 1958, petitioner's tip income amounted to at least $4,331.17. He failed to report tip income of $3,131.17. In 1959, petitioner's tip income amounted to at least $4,718.32. He failed to report tip income of $3,318.32. 2. Petitioner was extremely negligent in failing to keep records of his actual tip income in each year. Part of the underpayment of tax for each year was due to negligence. 3. Petitioner did not receive other income in *155 the amount of $1,000 in 1958, and $1,000 in 1959. Respondent erred in adding $1,000 to petitioner's income in each year. 4. Petitioner failed to prove that he is entitled to deductions in a total amount in each year in excess of the standard deduction allowable for 1958 and for 1959. Opinion All of the questions are fact questions. On the basis of the evidence presented, the findings of fact dispose of each issue, as follows: Issue 1: Petitioner's tip income in 1958 amounted to at least $4,331.17, and he failed to report $3,131.17. In 1959 his tip income amounted to at least $4,718.32. He failed to report $3,318.32. Respondent's determinations are deemed to be correct as a matter of law. Welch v. Helvering, 290 U.S.Ill. Petitioner had the burden of proof. Consideration has been given to evidence petitioner was able to produce. We are satisfied that petitioner received tip income in each year in a slightly lower amount than respondent determined. Under the rule of , bearing against petitioner for his own inexactitude and failure to keep adequate records, it is found and concluded that petitioner's tip income in each year was *156 in the amount set forth above. Consideration has been given to ; ; ; , certiorari denied ; and (both of the latter affirming Memorandum Opinions of this Court.) Each case must stand on its own facts. As in , respondent was justified here in applying a formula to determine petitioner's tip income in each year, under the circumstances. However, we are satisfied by petitioner's evidence that some adjustment must be made in the amount determined as total tip income for each year. As in , a reduction is made in the amount of the tip income for each year, as set forth in the findings, below the amount determined by the respondent. As stated in : Since we are satisfied that some adjustment is necessary, we have no alternative but to make an estimate, based upon available information, weighing doubts against the petitioner, who *157 has the burden of proof. (C.A. 2, 1930). Issue 2: The next question is whether petitioner realized other income in each year of $1,000. Petitioner's evidence persuades us that he did not receive other income of $1,000 in 1958, or $1,000 in 1959. Issue 3: With respect to respondent's adjustments in allowable deductions, there will be a further adjustment under Rule 50 of the amount of the allowable standard deduction for 1958 in view of the Court's determination of the amount of petitioner's tip income for 1958. Issue 4: The last question is whether petitioner is liable for an addition to the tax for each year of 5 percent under section 6653(a), for negligence. The conclusion is that he was extremely negligent in failing to keep the required records of his tip income for each year, and that the addition to the tax must be imposed. The amount thereof will be recomputed under Rule 50 on the basis of this Court's determination of the unreported amount of tip income for each year and other determinations. Petitioner's understatement of his tip income in his return for each year was due to negligence. ; *158 Decision will be entered under Rule 50. Footnotes
1. This case was consolidated for trial only with Docket No. 2117-62, Alexander C. Pereos.↩